## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Laura Maxwell, as Trustee
for the Heirs and Next of Kin
of P.M., Decedent,

          Plaintiff,

v.

Sassy, Inc.; Kid Brands, Inc.;
Bacati, Inc.; and Target Corporation,
jointly and individually,

          Defendants.

Civil No. 11-1354 (DWF/JSM)

**MEMORANDUM
OPINION AND ORDER**

---

Charles C. Kelly, II, Esq., Hersh & Hersh;  Lucia J. W. McLaren , Esq., and Michael K. Johnson, Esq., Johnson Becker, PLLC, counsel for Plaintiff.

Gerald H. Bren, Esq., and Melissa W. Wolchansky, Esq., Fisher, Bren & Sheridan LLP, counsel for Sassy, Inc., Kid Brands, Inc., and Target Corporation.

Blake W. Duerre, Esq., James F. Mewborn, Esq., Paul E. D. Darsow, Esq., and Timothy J. Carrigan, Esq., Arthur, Chapman, Kettering, Smetak & Pikala, PA, counsel for Bacati, Inc.

---

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 16). For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff initiated this action in Hennepin County District Court asserting causes of action for negligence, strict liability, breach of express and implied warranties,

misrepresentation, and false statement in advertising against Defendants Sassy, Inc. ("Sassy"), Kid Brands, Inc. ("Kid Brands"), Bacati, Inc. ("Bacati"), and Target Corporation ("Target"). (Doc. No. 8, ¶ 3, Ex. A, ("Compl.").) Plaintiff is a resident of Arkansas and brought this suit as Trustee for the Heirs and Next of Kin of her infant son. Kid Brands is incorporated and has its principal place of business in New Jersey. (Compl. ¶ 3.) Kid Brands "designs, imports, labels, promotes, markets and distributes juvenile consumer products such as cribs, toys, and nursery furnishings." (*Id.* ¶ 3.) Sassy is incorporated and has its principal place of business in Michigan. (*Id.* ¶ 4.) Sassy "designs, manufactures, tests, labels, promotes, markets, and sells the Sassy Sleep Positioner." (*Id.* ¶ 4.) Bacati is incorporated and has its principal place of business in Texas. (*Id.* ¶ 5.) Bacati "designs, tests, manufactures, markets, labels, promotes, distributes and sells home furnishings, including the Bacati Bumper Pad." (*Id.*) Target is incorporated in and has its principal place of business in Minnesota. (*Id.* ¶ 6.) Target "marketed, distributed and sold juvenile consumer products, including the Sassy Sleep Positioner." (*Id.* ¶ 6.)

In her Complaint, Plaintiff alleges that her infant son suffocated due to the use of both the Bacati Bumper Pad and the Sassy Sleep Positioner, the latter of which was sold by Target. (*Id.* ¶¶ 10, 16, 27.) Specifically, Plaintiff alleges that her infant son rolled from the Sassy Sleep Positioner into the Bacati Bumper Pad and suffocated. (*Id.* ¶ 27.) In addition, Plaintiff alleges that Target (along with Kid Brands and Sassy) "advertised, represented, labeled, promoted, warranted, and marketed the Sassy Sleep Positioner as safe and effective in preventing crib-related deaths" despite the fact that they "knew

2

or . . . should have known that there was no competent scientific or medical proof that the Sassy Sleep Positioner in fact prevented crib-related deaths but to the contrary the Sassy Sleep Positioner was dangerous and could contribute to or cause crib suffocation." (*Id.* ¶¶ 13-14.)  Plaintiff further alleges that Target, Sassy, and Kid Brands knew of at least 11 deaths, dating back 13 years, associated with the use of sleep positioners, yet failed to warn consumers of the risk and dangers associated with their use.  (*Id.* ¶ 15.)

On March 25, 2011, Bacati removed the action to this Court, citing diversity of citizenship between the parties and an amount in controversy greater than $75,000.  (Doc. No. 1 ¶ 5.)  Plaintiff now moves the Court to remand this action to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).  Plaintiff alleges that Bacati's Notice of Removal is legally deficient on two grounds:  lack of subject matter jurisdiction and defects in the removal procedure.

## DISCUSSION

### I.   Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  A party opposing removal may bring a motion requesting that the federal court remand the case back to state court.  28 U.S.C. § 1447(c).  The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).  On a motion to remand, the party seeking

removal and opposing remand bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *In re Bus. Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993). The Court should resolve any doubt as to the propriety of removal in favor of remand. *Prempro*, 591 F.3d at 620; *Bus. Men's Assur.*, 992 F.2d at 183.

**II.     Motion to Remand**

Diversity jurisdiction exists where there is (1) complete diversity of citizenship and (2) the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The parties do not dispute that the amount in controversy in this case exceeds $75,000. In addition, the parties do not dispute that Plaintiff is diverse from all Defendants. However, where removal is based on diversity jurisdiction, as it is here, no defendants may be a resident of the state in which the action was brought. 28 U.S.C. § 1441(b). Because Target is a resident of Minnesota, the question of whether this case was properly removed rests on Target's status as either a real party in interest or a nominal defendant in this action.

Defendants argue that Target is merely a nominal party whose citizenship must be disregarded for purposes of evaluating subject matter jurisdiction, and therefore this action is properly venued in this federal court on diversity grounds. Conversely, Plaintiff argues that Target is a real defendant, and therefore Target's Minnesota citizenship renders removal of the case improper.

The Supreme Court of the United States has long held that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real

4

parties to [a] controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980). *See also Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) (explaining that if a non-diverse party is not a real party in interest, that party's presence may be ignored in determining diversity jurisdiction). When determining whether a particular party is "nominal" for jurisdiction purposes, the Court inquires as to whether the plaintiff has stated a cause of action against that particular party. *Iowa Public Serv. Co.*, 556 F.2d at 404.

Here, Defendants assert that Plaintiff has failed to allege facts that, even if true, would support her claims against Target. The Court considers the sufficiency of Plaintiff's complaint against Target as it would under the standard applied in a motion to dismiss pursuant to Rule 12(b)(6). Under that standard, the Court construes all reasonable inferences from those facts in the light most favorable to Plaintiff, the complainant and the party seeking remand. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, the Court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555.

Plaintiff alleges that Target is jointly and severally liable under causes of action for strict liability, negligence, express and implied warranties, misrepresentation, and violation of false statement in advertising.  The Court first considers Plaintiff's strict liability claim as it is asserted against Target.  Plaintiff alleges that Target is strictly liable for marketing, distributing, and selling the Sassy Sleep Positioner[1] because Target "knew or . . . should have known . . . the Sassy Sleep Positioner was dangerous and could contribute to or cause crib suffocation." (Compl. ¶ 14.)  Specifically, Plaintiff asserts that Target is liable for its failure to warn of the risks associated with the use of the sleep positioner.

Defendants argue that Plaintiff cannot maintain a strict liability claim against Target because Target is a non-manufacturer seller.  Relevant to this argument, Minnesota Statute § 544.41 provides the following:

> **Subdivision 1**. . . . In any product liability action based in whole or in part on strict liability in tort commenced or maintained against a defendant other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. . . .
>
> **Subd. 2**. . . . Once the plaintiff has filed a complaint against a manufacturer and the manufacturer has or is required to have answered or otherwise pleaded, the court shall order the dismissal of a strict liability in tort claim

---

[1] Plaintiff alleges that Sassy designed and manufactured the Sassy Sleep Positioner and that Bacati designed and manufactured the Bacati Bumper Pad. (*Id*. ¶¶ 4-5.)  Although Plaintiff alleges generally that Target (along with the manufacturer-Defendants) was engaged in "testing, developing, manufacturing, labeling, marketing, distributing, promoting, and/or selling" both the Sassy Sleep Positioner and the Bacati Bumper Pad (Compl. ¶ 8), in her memorandum supporting her motion to remand, Plaintiff argues only that Target's alleged liability arises from its marketing, distribution, and sale of the Sassy Sleep Positioner.  (Doc. No. 7 at 11.)

> against the certifying defendant, provided the certifying defendant is not within the categories set forth in subdivision 3. . . .
>
> **Subd. 3**. . . . A court shall not enter a dismissal order relative to any certifying defendant even though full compliance with subdivision 1 has been made where the plaintiff can show one of the following:
>
> (a) that the defendant has exercised some significant control over the design or manufacture of the product, or has provided instructions or warnings to the manufacturer relative to the alleged defect in the product which caused the injury, death or damage;
>
> (b) that the defendant had actual knowledge of the defect in the product which caused the injury, death or damage; or
>
> (c) that the defendant created the defect in the product which caused the injury, death or damage.

Minn. Stat. § 544.41, subds. 1-3.  Here, there is no dispute that the manufacturers of both the Sassy Sleep Positioner and the Bacati Crib Bumper are parties to this action.  Therefore, in order to maintain a strict liability claim against Target, Plaintiff must be able to show that Target had actual knowledge of a defect under § 544.41, subd. 3(b), or caused a defect under § 544.41, subd. 3(c).

> Under Minnesota law, a plaintiff alleging strict liability must prove:
>
> (1) that the defendant's product was in a defective condition unreasonably dangerous for its intended use, (2) that the defect existed when the product left the defendant's control, and (3 ) that the defect was the proximate cause of the injury sustained.

*Bilotta v. Kelley Co.*, 346 N.W.2d 616, 623 n.3 (Minn. 1984).  A product can be defective because of a design defect, a manufacturing flaw, or a failure to warn.  *See id*. at 622.  Here, Plaintiff alleges that Target is liable because it sold a product (the Sassy Sleep Positioner) that was defective because of a failure to warn of known risks.  Plaintiff

7

alleges that Target marketed the Sassy Sleep Positioner as being safe and effective in preventing crib-related deaths while Target (and the other Defendants) knew or should have known that there was no competent or scientific medical proof for the safety claim and that the Sassy Sleep Positioner was actually dangerous and could contribute to suffocation in a crib. (*Id*. ¶¶ 13-14.) Plaintiff further alleges that Defendants, including Target, knew of at least 11 deaths, dating back 13 years, that were associated with the use of sleep positioners, and that Target (and the other Defendants) failed to warn consumers of the risk.

The Court concludes that Plaintiff's allegations against Target are sufficient (albeit by a narrow margin) so as to deem Target a real defendant in this case. Plaintiff alleges that Target was aware of risks associated with the use of the Sassy Sleep Positioner and failed to warn consumers of that risk. At the early stage of this litigation, the Court cannot conclude that these allegations are insufficient to state a cause of action against Target for strict liability because of a failure to warn.[2]

Because the Court concludes that Target is not merely a nominal defendant, Target's citizenship is relevant to the issue of diversity jurisdiction. Because removal was based on diversity jurisdiction, Target's status as a citizen of Minnesota makes the removal of this case improper. *See* 28 U.S.C. § 1441(b) (an action based on diversity "shall be removable only if none of the parties in interest properly joined and served as

---

[2] Because the Court has concluded that Plaintiff's allegations against Target related to its claim of strict liability are enough to deem Target a real party to the litigation, the Court need not consider the viability of the remaining causes of action against Target. In addition, Plaintiff's argument that Defendant's notice of removal was defective is moot.

defendants is a citizen of the State in which the action is brought"). Accordingly, this case is properly remanded to state court.

Plaintiff also seeks an award of costs and actual expenses, including attorney fees, as a result of Defendant Bacati's removal of this case to federal court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees under § 1447(c) is left to the discretion of the district court. *See Martin*, 546 U.S. at 139. In determining whether to award fees, the Court considers the "reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. Although the Court has concluded that remand to state court is appropriate, it cannot be said on the facts alleged in the Complaint that Defendant Bacati lacked an objectively reasonable basis for removal. The question of whether Plaintiff has alleged a viable cause of action against Target is a close one, and Defendant Bacati's stated grounds for removal were not unreasonable. Therefore, the Court denies Plaintiff's request for fees.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand (Doc. No. [16]) is **GRANTED**.

2. Plaintiff's request for an award of costs and actual expenses, including attorney fees, is **DENIED**.

Dated: November 21, 2011         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge